Justice Sotomayor,
concurring.
The Court of Appeals denied qualified immunity to Filar-sky solely because, as retained outside counsel, he was not a formal employee of the city of Rialto. I agree with and join today’s opinion holding that this distinction is not a sound basis on which to deny immunity.
I add only that it does not follow that every private individual who works for the government in some capacity necessarily may claim qualified immunity when sued under 42 U. S. C. § 1983. Such individuals must satisfy our usual test for conferring immunity. As the Court explains, that test “look[s] to the ‘general principles of tort immunities and defenses’ applicable at common law, and the reasons we have afforded protection from suit under §1983.” Ante, at 384 (quoting Imbler v. Pachtman, 424 U. S. 409, 418 (1976)).
Thus in Richardson v. McKnight, 521 U. S. 399 (1997), we denied qualified immunity to prison guards who were privately employed, despite their quintessential^ public function. We did so because we found “no special reasons significantly favoring an extension of governmental immunity” in that context. Id., at 412. We left open, however, the question whether immunity would be appropriate for “a private individual briefly associated with a government body, serving as an adjunct to government in an essential governmental activity, or acting under close official supervision.” Id., at 413.
Filarsky, supported by the United States as amicus curiae, contends that he fits into this coda because he worked in close coordination with and under the supervision of city employees. Whether Filarsky was supervised by those employees, and did not himself do the supervising, is unclear. But there is no doubt that Filarsky worked alongside the *398 employees in investigating Delia. In such circumstances, I agree that Filarsky should be allowed to claim qualified immunity from a § 1983 suit. As the Court’s opinion persuasively explains, there is a “ ‘firmly rooted’ tradition of immunity” applicable to individuals who perform government work in capacities other than as formal employees. Id., at 404; see ante, at 384-390. And conferring qualified immunity on individuals like Filarsky helps “protec[t] government’s ability to perform its traditional functions,” and thereby helps “protect the public at large.” Wyatt v. Cole, 504 U. S. 158, 167-168 (1992). When a private individual works closely with immune government employees, there is a real risk that the individual will be intimidated from performing his duties fully if he, and he alone, may bear the price of liability for collective conduct. See ante, at 391; see also ibid, (noting distraction caused to immune public employees by § 1983 litigation brought against nonimmune associates).
This does not mean that a private individual may assert qualified immunity only when working in close coordination with government employees. For example, Richardson’s suggestion that immunity is also appropriate for individuals “serving as an adjunct to government in an essential governmental activity,” 521 U. S., at 413, would seem to encompass modern-day special prosecutors and comparable individuals hired for their independence. There may yet be other circumstances in which immunity is warranted for private actors. The point is simply that such cases should be decided as they arise, as is our longstanding practice in the field of immunity law.